```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
  UNITED STATES OF AMERICA                                  :
                                                            :     14 Cr. 484 (LGS)
                   -against-                                :
                                                            :          ORDER
  WILLIAM RAMOS,                                            :
                                         Defendant.         :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

**Background**

WHEREAS, on April 1, 2020, Defendant filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). On April 3, 2020, the Government filed a response in opposition and, on April 4, 2020, Defendant filed a reply;

WHEREAS, on July 21, 2014, Defendant pleaded guilty to one count of Carrying and Using a Firearm in During and in Relation to a Crime of Violence in violation of 18 U.S.C. §924(c)(1)(a)(ii). On October 31, 2014, Defendant was sentenced to eighty-four months' incarceration, to run consecutively with any other sentence, followed by three years of supervised release;

WHEREAS, the Government represents that Defendant's current expected release date is June 1, 2021;

WHEREAS, the President of the United States has declared a national emergency due to the spread of the COVID-19 virus. The first COVID-19 case in the State of New York was confirmed on February 29, 2020. *See Coronavirus in N.Y.: Manhattan Woman is First Confirmed Case in State*, at https://www.nytimes.com/2020/03/01/nyregion/new-york-coronvirus-confirmed.html. As of April 6, 2020, there were 122,596 confirmed cases. *See Coronavirus in the U.S.: Latest Map and Case Count*, at

https://www.nytimes.com/interactive/2020/us/coronavirus-us-cases.html (last viewed April 6, 2020). Over 4,000 persons have died in New York of the virus and over 9,600 have died nationwide. *Id*;

**Exhaustion of Administrative Remedies**

WHEREAS, 18 U.S.C. § 3582(c)(1)(A) states,

The court may not modify a term of imprisonment once it has been imposed, except . . . upon motion of the Director of the Bureau of Prison, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf, or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

WHEREAS, Defendant's motion does not indicate that he has exhausted his administrative remedies or otherwise satisfied this provision. On March 27, 2020, Defendant's counsel filed a request that the Bureau of Prisons ("BOP") file a motion pursuant to 18 U.S.C. § 3582(c)(1)(A) on Defendant's behalf, but has not yet received a response;

WHEREAS, the Court has no authority to waive the administrative exhaustion requirements stated in § 3582. *See e.g.*, *Theodoropoulos v. I.N.S.*, 358 F.3d 162, 172 (2d Cir. 2004) ("[A]s a general rule, courts are required to strictly enforce statutory exhaustion requirements."); *United States v. Hernandez*, 2020 WL 1445851, at *1 (S.D.N.Y. Mar. 25, 2020);

**"Extraordinary and Compelling Reasons"**

WHEREAS, 18 U.S.C. § 3582(c)(1)(A)(i) further provides that the court "may reduce the term of imprisonment" only if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission";

WHEREAS, the relevant Sentencing Commission Policy Statement, U.S.S.G. § 1B1.13,

2

provides that the Court may reduce a term of imprisonment if three conditions are met: (i) extraordinary and compelling reasons warrant the reduction, *id.* § 1B1.13(1)(A); (ii) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g), *id.* § 1B1.13(2); and (iii) the reduction is consistent with this policy statement, *id.* § 1B1.13(3); *accord United States v. Gotti*, No. 02 Cr. 743-07, 2020 WL 497987, at *1–2 (S.D.N.Y. Jan. 15, 2020);

WHEREAS, the Application Notes to the Policy Statement provide in relevant part that "extraordinary and compelling reasons" exist where the defendant "is suffering from a serious physical or medical condition," "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, Application Note 1(A);

WHEREAS, according to the Centers for Disease Control and Prevention, "[p]eople with moderate to severe asthma may be at higher risk of getting very sick from COVID-19. COVID-19 can affect your respiratory tract (nose, throat, lungs), cause an asthma attack, and possibly lead to pneumonia and acute respiratory disease." *Coronavirus Disease 2019 (COVID-19): People with Moderate to Severe Asthma* at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/asthma.html. Courts have also recognized that individuals in confinement settings may be at a "heightened risk of contracting COVID-19." *United States v. Dante Stephens*, No. 15 Cr. 95, 2020 WL 1295155, at *2 (S.D.N.Y. Mar. 19, 2020);

WHEREAS, Defendant has not demonstrated the requisite extraordinary or compelling circumstances. Defendant is forty-one years old and represents that he suffers from chronic and severe asthma and that he has been classified as "high risk" by the BOP. The Government represents that the BOP has classified any inmate who self-reports as asthmatic as high risk, that

Defendant's medical records show no new asthma attacks, and that his asthma is being treated by the BOP. *See United States v. Gileno*, No. 3:19 Cr. 161, 2020 WL 1307108, at *3 (D. Conn. Mar. 19, 2020) (finding defendant suffering from high blood pressure, high cholesterol, asthma, and allergies did not clearly meet the requirements for modifying a sentence for "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A));

**Sentencing Factors Under Section 3553(a)**

WHEREAS, 18 U.S.C. § 3582(c)(1)(A) further requires a court to consider the factors set forth in § 3553(a) in considering whether to reduce a term of imprisonment. These factors include (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed -- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;" (3) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" (4) the sentencing guidelines; and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a);

WHEREAS, the factors set forth in section 3553(a) do not support a reduction in sentence. The 3553(a) factors considered at the time of sentencing have not changed. Defendant pleaded guilty to a serious and violence offense. He has a long criminal history; this was his twelfth arrest and ninth conviction. Prior to this sentence, the longest term of imprisonment served by Defendant was one year. Releasing Defendant now would cut his current sentence by almost one-sixth and would not appropriately reflect the "nature and circumstances of the

offense," or the "need for the sentence imposed" "to reflect the seriousness of the offense," "to afford adequate deterrence to criminal conduct" or "to protect the public from further crimes." *See United States v. Goode*, No. 14 Cr. 810-07, 2020 WL 58272, at *7 (S.D.N.Y. Jan. 6, 2020) ("Even assuming Goode satisfies one of the categories for compassionate release, a further reduction in her already significantly reduced sentence would tend to undermine the sentencing goals set forth in Section 3553(a)."). It is hereby

**ORDERED** that for the reasons stated above, Defendant's motion for compassionate release is DENIED.

Dated: April 7, 2020
      New York, New York

                                                  **LORNA G. SCHOFIELD**
                                            **UNITED STATES DISTRICT JUDGE**