```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
    UNITED STATES,                                            :
                                                              :         14 Cr. 484 (LGS)
                                                              :
                    -against-                                 :         ORDER
                                                              :
    WILLIAM RAMOS,                                            :
                                        Defendant.            :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on April 2, 2020, Defendant filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (the "First Motion") (Dkt. No. 48), and on April 7, 2020, such motion was denied (Dkt. No. 52).

WHEREAS, on October 28, 2020, Defendant's counsel for the limited purpose of assisting Defendant with a request to transfer to a new prison, e-mailed the application attached as Exhibit A (the "Application"), to the chambers inbox.

WHEREAS, on November 19, 2020, the Court received a letter from Mr. Ramos, which is attached as Exhibit B (the "Letter Application").

WHEREAS, the Application and Letter Application request that the Court appoint new counsel to assist Mr. Ramos in filing a new motion for compassionate release (the "Second Motion").

WHEREAS, "there is no statutory right to counsel under the Criminal Justice Act in connection with a § 3582(c) motion, and . . . the provision of such counsel should rest in the discretion of the district court." *United States v. Cirineo*, 372 F. App'x 178, 179 (2d Cir. 2010) (summary order) (citing *United States v. Reddick*, 53 F.3d 462, 464-65 (2d Cir. 1995)); *accord United States v. Dussard*, No. 16 Crim. 673-2, 2020 WL 6263575, at *3 (S.D.N.Y. Oct. 23, 2020).

The merits of a motion for compassionate relief are a "significant factor in the exercise of that discretion."  *Reddick*, 53 F.3d at 465 n.2; *accord Dussard*, 2020 WL 6263575 at * 3.

WHEREAS, 18 U.S.C. § 3582(c)(1)(A)(i) provides that the court "may reduce the term of imprisonment" only if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

WHEREAS, the Application and Letter Application do not identify any intervening change in circumstances, arising after the denial of the First Motion, that suggest "extraordinary and compelling reasons warrant" a reduction of Defendant's term of imprisonment.  Accordingly, there is no basis to believe that the Second Motion would be meritorious.  It is hereby

**ORDERED** that for the reasons stated above, the Application and Letter Application are **DENIED**.  It is further

**ORDERED** that by **November 25, 2020**, Defendant's counsel shall send a copy of this Order to Defendant.

Dated: November 19, 2020
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

# HARVEY FISHBEIN
───────── ATTORNEY AT LAW ─────────

111 BROADWAY, SUITE 701
NEW YORK, NEW YORK 10006
TEL: (212) 233-9555
FAX: (212) 374-1506
HF@HARVEYFISHBEIN.COM

October 28, 2020

**VIA EMAIL (Schofield_NYSDChambers@nysd.uscourts.gov)**
**EX PARTE**

Hon. Lorna G. Schofield
United States District Judge
40 Foley Square
New York, NY 10007

                                             Re: US v. William Ramos
                                                    14 Cr. 484 (LGS)

Dear Judge Schofield:

      As the Court may recall, on September 22, 2020, I appeared along with Mr. Ramos and the Government before Your Honor on a video conference. At that time, Mr. Ramos withdrew his application to vacate his prior plea of guilty and, due to a conflict with Mr. Ramos, I was relieved as his counsel. However, at the Court's request, I agreed to merely assist Mr. Ramos in facilitating his transfer back to his designated facility, Edgefield FCI in South Carolina, from his present location at MDC Brooklyn. Since September 22nd, I have had conversations with Mr. Ramos, the Government, and the United States Marshals Office regarding Mr. Ramos's transfer. However, it has not occurred yet. This morning, I received an email from Mr. Ramos in which he requested that I contact the Court to request for new counsel to be assigned to assist Mr. Ramos in filing a new Motion for Compassionate Release.

      Therefore, on behalf of and as a courtesy to Mr. Ramos, I respectfully request that the Court appoint new counsel to assist Mr. Ramos.

                                      Respectfully submitted,
                                             /s/
                                         Harvey Fishbein

# EXHIBIT B

CR 14 LGS 484

To the Honorable Lorna G Schofield Since we've last spoken I contacted my lawyer Mr Fishbein about re-submitting an application for compassionate release. Mr Fishbein refuses to help me with the application since he had submitted a letter to the courts to Recuse himself from my attorney. He feels that he shouldn't be the person giving me advice or helping me out with anything other than making sure that I get transferred. I feel that I am eligible to Resubmit an application for compassionate release due to the current circumstances involving covid and the fact that I suffer from chronic asthma and I am currently obese. MDC Brooklyn is already known not to follow cdc protocol See Chunn, et al, v. Edge 1:20-cv-01590-RPK-RLM at 16 (DE 112, 06/09/20.

My first application was denied due to the fact that I was sentenced to a crime of violence since then there have been numerous individuals who have been granted compassionate release with crime of violence convictions more accurate 924(c) Hobbs Act Robberies. I was sentenced in 2014 to 84 months to which I've completed 82% of my time which is about 76 plus months in, I'm due back to my prison at South carolina edgefield to complete my Halfway House application but due to the current surge of corona-covid-19 its likely that I wont make it to after the Holidays. So I'm asking the

courts to please appoint a new attorney who will help me with a new application for compassionate release.

Respectfully Submitted
William Ramos
70874054