UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
   UNITED STATES,

                                                        14 Cr. 484 (LGS)

             -against-                             ORDER

   WILLIAM RAMOS,
                              Defendant.
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, Defendant, acting pro se as well as through counsel appointed for another limited purpose, requested that the Court appoint counsel to assist Defendant in filing a renewed motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  *See* Dkt. No. 62, Exs. A-B.

      WHEREAS, pursuant to the Court's Order on November 20, 2020, (Dkt. No. 62), the Government responded, stating in part that Defendant is scheduled to be transported to Edgefield, South Carolina before the Christmas holiday.

      WHEREAS, "[w]ith respect to post-conviction proceedings, the Criminal Justice Act ("CJA") provides that a district court may appoint counsel 'for any financially eligible person' when 'the interests of justice so require.'"  *Lopez-Pena v. United States*, No. 05 Cr. 191, 2020 WL 4450892, at *1 (S.D.N.Y. Aug. 3, 2020) (citing 18 U.S.C. § 3006A(a)(2)(B); *Jerez v. Bell*, No. 19 Civ. 2385, 2019 WL 1466899, at *4 (S.D.N.Y. Apr. 2, 2019)).  "[T]here is no statutory right to counsel under the [CJA] in connection with a § 3582(c) motion, and [] the provision of such counsel should rest in the discretion of the district court." *United States v. Cirineo*, 372 F. App'x 178, 179 (2d Cir. 2010) (citing *United States v. Reddick*, 53 F.3d 462, 464-65 (2d Cir. 1995)); *accord United States v. Dussard*, No. 16 Cr. 673-2, 2020 WL 6263575, at *3 (S.D.N.Y. Oct. 23, 2020).  The merits

of a motion for compassionate relief are a "significant factor in the exercise of that discretion." *Reddick*, 53 F.3d at 465 n.2; *accord Dussard*, 2020 WL 6263575 at * 3.  It is hereby

**ORDERED** that Defendant's request for the appointment of counsel is **DENIED** without prejudice as Defendant's transfer to Edgefield, South Carolina, is reported to be imminent.  It is further

**ORDERED** that by **December 11, 2020**, the Government shall file a letter apprising the Court of (i) Defendant's scheduled transfer date and (ii) whether Defendant has exhausted administrative remedies pursuant to 18 U.S.C. § 3582(c)(1)(A), and shall transmit a copy of that letter to Defendant.  It is further

**ORDERED** that the day after Defendant's scheduled transfer date the Government shall file a letter stating whether Defendant has been transferred, and shall transmit a copy of that letter to Defendant.  The Court is prepared to deem Defendant's application for counsel as a renewed application for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and act on it immediately, if Defendant is not transferred by his scheduled transfer date.  It is further

**ORDERED** that by **December 10, 2020**, the Government shall transmit a copy of this Order to Defendant.

Dated: December 9, 2020
       New York, New York

                              _____
                              **LORNA G. SCHOFIELD**
                              **UNITED STATES DISTRICT JUDGE**