UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
   UNITED STATES,

                      14 Cr. 484 (LGS)

         -against-                    ORDER

   WILLIAM RAMOS,
                      Defendant.
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

### I. Background

WHEREAS, on July 21, 2014, Defendant pleaded guilty to one count of Carrying and Using a Firearm in During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(a)(ii). On October 31, 2014, Defendant was sentenced to a mandatory minimum term of imprisonment of eighty-four months, to run consecutively with any other sentence, followed by three years of supervised release. Dkt. No. 31.

WHEREAS, the President of the United States has declared a national emergency due to the spread of the COVID-19 virus.

WHEREAS, on April 2, 2020, Defendant filed a motion for compassionate release or reduction of sentence pursuant to 18 U.S.C. § 3582 (Dkt. No. 48), and such motion was denied on the grounds that (1) Defendant had failed to exhaust his administrative remedies; (2) Defendant's asthma did not constitute an extraordinary and compelling reason for a reduction in sentence; and (3) the factors set forth in 18 U.S.C. § 3553(a) did not support a reduction in sentence (Dkt. No. 52).

WHEREAS, the Court received a letter dated December 16, 2020, from Defendant regarding an anticipated renewed motion for compassionate release pursuant to 18 U.S.C. § 3582(c), in part based on the risk of contracting COVID-19 at the Metropolitan Detention Center in Brooklyn, New York ("MDC"), where Defendant was then confined. Dkt. No. 67.

WHEREAS, on February 8, 2021, the Government filed a letter indicating that Defendant was successfully transferred to Edgefield Federal Correction Institution in Edgefield, South Carolina ("Edgefield"), where he is currently confined. Dkt. No. 72.

WHEREAS, the Court received a letter dated March 21, 2021, from Defendant informing the Court that he intends to pursue a motion for compassionate release, even though he was transferred to Edgefield. Dkt. No. 79, Exhibit A.

WHEREAS, on April 7, 2021, the Court issued an Order construing Defendant's December 16, 2020, and March 21, 2021, letters as a renewed motion for compassionate release pursuant to 18 U.S.C. § 3582(c) (the "Motion") (Dkt. No. 79), and on April 23, 2021, the Government filed an opposition to the Motion (Dkt. No. 80).

WHEREAS, as of April 26, 2021, there were no active cases of COVID-19 in either inmates or staff members at Edgefield, and 610 inmates had been fully inoculated against COVID-19. *See COVID-19 Cases*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus (last visited Apr. 26, 2021).

WHEREAS, Defendant is fully inoculated against COVID-19. Dkt. No. 80.

WHEREAS, Defendant suffers from severe chronic asthma and obesity.

WHEREAS, Defendant's medical records do not show any new asthma attacks and show that his asthma is being treated by the Bureau of Prisons ("BOP").

WHEREAS, Defendant is scheduled to be released to a halfway house on May 4, 2021. Dkt. No. 80.

## II.   Exhaustion of Administrative Remedies

WHEREAS, a defendant may move to reduce his sentence only after exhausting "all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the

lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

WHEREAS, the Government concedes that Defendant has exhausted his administrative remedies.  Dkt. Nos. 65, 80.

## III.     Extraordinary and Compelling Reasons

WHEREAS, 18 U.S.C. § 3582(c)(1)(A)(i) provides that a court "may reduce the term of imprisonment" only if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  The relevant Sentencing Commission Policy Statement, U.S.S.G. § 1B1.13 ("Policy Statement"), provides that a court may reduce a term of imprisonment if three conditions are met: (i) extraordinary and compelling reasons warranting the reduction, *id*. § 1B1.13(1)(A); (ii) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g), *id*. § 1B1.13(2); and (iii) the reduction is consistent with this Policy Statement, *id*. § 1B1.13(3); *accord United States v. Gotti*, 433 F. Supp. 3d 613, 615 (S.D.N.Y. 2020).  The Application Notes to the Policy Statement provide in relevant part that "extraordinary and compelling reasons" exist where the defendant "is suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  U.S.S.G. § 1B1.13, Application Note 1(A).

WHEREAS, Defendant bears the burden of proving that extraordinary and compelling reasons exist to justify his request for a sentence reduction.  *United States v. Perez*, 451 F. Supp. 3d 288, 291 (S.D.N.Y. 2020).

WHEREAS, the Centers for Disease Control and Prevention ("CDC") has advised that "[p]eople with moderate-to severe or uncontrolled asthma are more likely to be hospitalized from

COVID-19," *COVID-19: People with Moderate to Severe Asthma*, CENTERS FOR DISEASE CONTROL AND PREVENTION (Apr. 7, 2021), https://www.cdc.gov/coronavirus /2019-ncov/need-extra-precautions/asthma.html, and that "obesity . . . increases the risk of severe illness from COVID-19," *Overweight & Obesity*, CENTERS FOR DISEASE CONTROL AND PREVENTION (Mar. 22, 2021), https://www.cdc.gov/obesity/data/obesity-and-covid-19.html.

WHEREAS, courts have recognized that individuals in confinement settings may be at a "heightened risk of contracting COVID-19." *United States v. Stephens*, 447 F. Supp. 3d 63, 65 (S.D.N.Y. 2020).

WHEREAS, Defendant's health condition and the risk of COVID-19 infection do not constitute extraordinary and compelling circumstances that warrant reducing his incarceratory sentence. The BOP is providing Defendant with treatment for his asthma and his medical records do not show any new asthma attacks. *See United States v. Shkreli*, No. 15 Crim. 637, 2021 WL 148405, at *3 (S.D.N.Y. Jan. 16, 2021) (finding that a particular health condition was not an "extraordinary and compelling" reason warranting a modification of sentence where the BOP was providing treatment). Further, Defendant has received the COVID-19 vaccine and, as of April 26, 2021, there were no active cases of COVID-19 in inmates or staff members at Edgefield. *See United States v. Kosic*, No. 18 Crim. 30, 2021 WL 1026498, at *2 (S.D.N.Y. Mar. 17, 2021) (denying compassionate release where Defendant had received the first dose of the Moderna vaccine and explaining that "courts in this circuit have found that vaccination mitigates the risk an inmate faces from COVID-19 to the point that his health conditions weighing in favor of release are no longer extraordinary and compelling"); *United States v. Poupart*, No. 11 Crim. 116, 2021 WL 917067, at *2 (D. Conn. Mar. 10, 2021) (denying compassionate release and stating that "[defendant's] argument that his significant medical needs warrant his release lacks persuasive force since the vaccine has empowered [him] to reduce these risks"). Finally, Defendant's transfer to a halfway house is imminent.

WHEREAS, even if Defendant had provided an extraordinary and compelling justification for release, the § 3553(a) factors would outweigh that justification.

## IV. Sentencing Factors Under 18 U.S.C. § 3553(a)

WHEREAS, 18 U.S.C. § 3582(c)(1)(A) requires a court to consider the factors set forth in § 3553(a) in considering whether to reduce a term of imprisonment. These factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed -- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"; (3) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; (4) the sentencing guidelines; and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). While these factors serve as guidelines, a court may "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it] in motions for compassionate release." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).

WHEREAS, the factors set forth in section 3553(a) do not support a reduction in sentence. Defendant pleaded guilty to a serious and violent offense. He was one of three people who robbed two individuals at gunpoint and he struck one of the victims during the robbery. During the sentencing hearing, the Court explained that the "seriousness of the offense" was "a big part of what dr[ove] the sentence." Dkt. No. 29. In addition, the Defendant has a long criminal history; this was his twelfth arrest and ninth conviction. Releasing Defendant would not appropriately reflect the "nature and circumstances of the offense," or the "need for the sentence imposed" "to reflect the seriousness of the offense," "to afford adequate deterrence to criminal conduct" or "to protect the public from further

crimes." *See United States v. Goode*, No. 14 Cir. 810-07, 2020 WL 58272, at *7 (S.D.N.Y. Jan. 6, 2020) ("Even assuming Goode satisfies one of the categories for compassionate release, a further reduction in her already significantly reduced sentence would tend to undermine the sentencing goals set forth in Section 3553(a)."). It is hereby

**ORDERED** that, Defendants motion compassionate release is **DENIED**.

Dated: April 29, 2021
  New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**